## LYMAN v. LYMAN et al.

(Circuit Court, N. D. Illinois. July 10, 1895.)

PATENTS—INFRINGEMENT—CONDENSER HEADS.

The Lyman patents, reissue No. 10,497 (original, 179,581), and No. 303,-444, for inventions relating to steam-condenser heads, construed, the former as to claim 4, and the latter as to claim 1, and the said claims *held* not infringed by a device made in accordance with patent No. 405,575.

This was a suit in equity by Wilfred C. Lyman against Edward F. Lyman and James P. Warren for alleged infringement of letters patent reissue No. 10,497 (original No. 179,581), and No. 303,441, relating to condenser heads for steam-exhaust pipes.

Frank D. Thomason, for complainant.
Offield, Towle & Linthicum, for defendant.

SHOWALTER, Circuit Judge. This litigation has to do with the funnel-shaped sheet-metal structures sometimes seen on city buildings and known as "condenser heads," or "steam-exhaust heads." A condenser head is attached to a steam-exhaust pipe to condense the steam, and prevent the spray and objectionable matter therein from spreading over the roof of the building on which it is used. Steam passing through such a contrivance is hindered and delayed in its exit by metal deflector plates, so arranged as to condense the steam and carry the water of condensation to a drip pipe at one side, whence it is conducted to the sewer, or to some other appropriate receptacle. The alleged cause of action is that a steam-exhaust head made by defendant and his partner, now deceased, patented June 18, 1889, in letters patent No. 405,575, infringes certain patents—No. 179,581 (reissue No. 10,497), and No. 303,441—owned by complainant. In Lyman v. Maypole, 19 Fed. 737, Judge Blodgett, having before him evidence as to the prior art, which has been put into this record by stipulation, said, after quoting the two claims of No. 179,581, the second of which, on the con-

tention of complainant, is infringed by this defendant: "Both these claims, as I construe them, call for these deflecting plates with turned edges." The reference is to the deflectors, C, C, which form part of the combination in said second claim. The deflectors in defendant's combination, which, on the theory of infringement, must be treated as the equivalents of said deflectors, C, C, are not made with turned edges. A vertical section through the center of said last-named deflectors shows straight lines to the edges. On the case cited, there is no infringement, therefore, of No. 179,581.

Reissued patent, No. 10,497, is the exhaust head patented as No. 179,581, with "an addition thereto," quoting from the specification, "of certain auxiliary and subdeflectors," etc. One of the additions is a short cylinder, "or subdeflector, g," having the lower edge "flared outwards," and the upper edge attached to the under side of the upper deflector, D. Said subdeflector, g, is a downward extension of said deflector, D, is concentric with said D, and slightly less in diameter than the extreme lower rim of said deflector, D. The fourth claim, said to be infringed, is in words following:

"(4) The combination of the shell, B, and the upper deflector provided with the subdeflector, g, the lower edges of which are slightly flared outward, with the lower deflector, substantially in the manner set forth."

The upper and lower deflectors are here identical with the deflectors of patent No. 179,581. The ring or cylinder in defendant's device, which is said to answer the subdeflector, g, in the claim quoted, is not flared outwards at the lower edge, nor is it connected with, or integral with, the deflector above it, there being a clear space or passageway for steam between said cylinder and said upper deflector. On the citation above made, and by reason of the additional point of difference here noted, no infringement of the

combination stated in the claim quoted from the reissued patent is made out.

In the specification in No. 303,441 the invention is said to consist "of a combined hand-hole and drip-pipe" for a steam-condenser head, such as is described, for instance, in the patents already mentioned. The patentee says further:

"In my invention, at that point where the drip pipe would open into the head, were my invention not known, I place the hand-hole, B, the bottom of the shell composing which is sufficiently inclined in the same direction as the

Fig. 1.

Fig. 2.

Fig. 3.

inclined surface in the lower part of the head hereinbefore mentioned, so that the liquids of condensation may gravitate into said hand-hole and be conveyed to the drip-pipe, C, which opens into and is connected to the hand-hole at the lowest point thereof, so that all the said liquids may easily flow into said drip-pipe. This hand-hole, B, is provided with a cap, D, which in every instance is placed and closes the opening of said hand-hole on a plane above the mouth of the drip-pipe, so that by no possibility can the liquids of condensation flow out of it. One of the great advantages to be gained by the contiguity of the hand-hole is that if by any accident the mouth of the drip-pipe should become choked up, the cap, D, can be removed, and the obstruc-

tion easily removed, and this can be done without the necessity of disconnecting the drip-pipe. This cap may be made to screw into the open end of the hand-hole; or it may be hinged at one side, and when closed down fastened by a catch on the other; or it may be fastened by a bridge and bolt similar to that used for holding the headplates in manholes of steam boilers. In Fig. 3 is shown a modified shape of the hand-hole, in which the upper portion of the shell composing the same is inclined upward at a steep dip from the hand-hole cap to the head, A."

The first claim is in words following:

"(1) The combination, with a condenser head for steam-exhaust pipes, of a combined hand-hole and drip-pipe, the said drip-pipe being permanently connected to and leading from the lowest point in the shell of said hand-hole, as hereinbefore set forth."

The hand-hole here claimed is a structure outside and attached to the condenser head. It is a shell curved into an elbow, very short, and with the angle down as placed on the condenser head. One end is fitted with a flange over the drip-hole which is near the bottom of the condenser head; the other is provided with a cap. From the lowest point of this elbow or shell extends the drip-pipe. This structure, and not the hole in the condenser head, over which it is fastened, is the thing meant by the term "hand-hole" in the claim. There is no such structure in the device of the defendant. In the patent No. 179,581 there is a drip-pipe, connected by means of a plate or flange to a hole in the lower part of the condenser head. In defendant's condenser head, the drip-pipe is fastened in substantially the same way, except that the hole in the condenser head is larger, and the plate or flange which holds the end of the drip-pipe is, of course, larger. Said plate is fastened with bolts, instead of rivets, as in the patent No. 179,581. By unscrewing these bolts and removing the plate and drip-pipe, access is had through such enlarged hole to the inside of the condenser head in order to clean it. The hand-hole in the claim in controversy is a structure outside of the condenser head, having a cap or lid which may be taken off or opened for the purpose of cleaning said hand-hole and the drip-pipe which leads from the bottom of the same. I do not think there is any equivalent for this in defendant's structure.

The bill is dismissed for want of equity.